Filed 7/6/26  Mesri v. Shamoeil CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| PARVIN MESRI, | B349058 |
| Plaintiff and Appellant, | Los Angeles County |
| v. | Super. Ct. No. 24SMCV05059 |
| DIANA SHAMOEIL et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Edward B. Moreton, Jr., Judge.  Reversed in part and affirmed in part.

Los Angeles City Law and Taylor S. Kruse for Plaintiff and Appellant.

Masserman & Ducey, Mitchell F. Ducey, Terri L. Masserman and Ryan R. Masserman for Defendant and Respondent Diana Shamoeil.

Klinedinst, Robert M. Shaughnessy and Gregory A. Garbacz for Defendants and Respondents Rochelle Sterling and Donald T. Sterling, as Trustees, etc.

Children allegedly attacked plaintiff Parvin Mesri in front of the apartment of Diane Shamoeil.  Mesri sued Shamoeil and those overseeing the apartment building where Shamoeil resides.  The trial court sustained defendants' demurrers without leave to amend.  We reverse to permit Mesri to attempt to plead Shamoeil's vicarious liability for assault and battery under Civil Code section 1714.1.  We otherwise affirm.

**I.**

In May 2024, Mesri visited a friend's apartment in the Sterling International Towers, a residential property in Los Angeles.  The friend's apartment was down the hall from Shamoeil's.  As Mesri passed near Shamoeil's apartment, unidentified minors "intentionally, willfully, wantonly, and maliciously attacked" her.  They "thr[ew] a skateboard at her."  Mesri sought medical care for injuries and suffered "severe mental anguish."

Mesri filed suit.  Her complaint, filed in October 2024, named her unknown assailants as defendants.  It also named two trustees of the Sterling Family Trust, who allegedly own and operate the apartment building, as well as Beverly Hills Properties LLC, of which the trust is a member or manager (collectively the Sterling defendants).  According to Mesri, Shamoeil and the Sterling defendants bear responsibility for the attack because they negligently managed, supervised, or controlled the attackers; negligently hired and supervised apartment personnel; or failed to patrol, secure, and supervise the area around Shamoeil's apartment.  Mesri alleged causes of action for (1) assault, (2) battery, (3) intentional infliction of emotional distress, (4) negligence, (5) negligent hiring and supervision, and (6) premises liability.  She alleged the first two

2

causes of action, assault and battery, solely against the unknown assailants. She alleged the other causes of action against all defendants.

Shamoeil and the Sterling defendants each demurred.

The trial court sustained Shamoeil's demurrer. The intentional infliction cause of action failed to allege Shamoeil intended to cause emotional distress and failed to provide sufficient specifics suggesting Shamoeil's conduct was extreme or outrageous. The negligence causes of action failed because no allegations suggested Shamoeil, as a mere resident of the building, owed Mesri a duty. The premises liability cause of action failed because Shamoeil did not own or operate the hallway where the incident occurred and Mesri had not identified a relevant unsafe condition of the premises. The trial court also rejected Mesri's assertion that Shamoeil was the parent of the unknown assailants and, accordingly, had a duty to prevent her children from harming Mesri and had exposure for her children's intentional acts under Civil Code section 1714.1. The complaint, noted the court, did not assert a parent-child relationship.

The trial court also sustained the Sterling defendants' demurrer. The intentional infliction cause of action failed because it did not sufficiently allege extreme or outrageous conduct, because it lacked sufficiently specific allegations of the Sterling defendants' intent to cause harm, and because its allegations of severe distress were conclusory. The trial court also rejected the negligence claims because no allegations in the complaint suggested the attack was foreseeable and, therefore, the Sterling defendants owed no duty of care. The trial court further struck the claim for punitive damages.

The demurrer rulings, issued in February 2025, were problematically confusing as to whether the trial court had intended to grant Mesri leave to amend.  The rulings seemed to variously allow amendment of some claims but not others.

Mesri sought clarification twice.  The court eventually clarified that no leave to amend was granted.

Meanwhile, however, Mesri had attempted to file a first amended complaint within 20 days of the trial court's original demurrer rulings.  Mesri's revised pleading alleged on "information and belief" that Shamoeil "is the parent and/or guardian of" the assailants and should be held "jointly and severally liable for the[ir] intentional torts . . . under California Civil Code §1714.1."  The trial court did not consider this pleading for any purpose.

After service of notice of entry of judgment, Mesri appealed.

**II.**

"On appeal from a judgment dismissing an action after sustaining a demurrer without leave to amend . . . [t]he reviewing court gives the complaint a reasonable interpretation, and treats the demurrer as admitting all material facts properly pleaded. [Citations.]  The court does not, however, assume the truth of contentions, deductions or conclusions of law.  [Citation.]  The judgment must be affirmed 'if any one of the several grounds of demurrer is well taken. . . .'  [Citation.]  However, it is error for a trial court to sustain a demurrer when the plaintiff has stated a cause of action under any possible legal theory." (*Aubry v. Tri-City Hospital Dist.* (1992) 2 Cal.4th 962, 966–967 (*Aubry*).)

When reviewing the denial of leave to amend a complaint, we ask whether the trial court abused its discretion.  (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.)  "[I]t is an abuse of discretion

4

to sustain a demurrer without leave to amend if the plaintiff shows there is a reasonable possibility any defect identified by the defendant can be cured by amendment." (*Aubry*, *supra*, 2 Cal.4th at p. 967; *Blank*, at p. 318.)

## III.

We address the sufficiency of Mesri's pleaded claims against Shamoeil, and then turn to those against the Sterling defendants.

## A.

As to Shamoeil, Mesri attempts to revive only her causes of action for assault, battery, and negligence. We address those claims and no others.

Mesri contends she has viable claims for assault and battery against Shamoeil because Mesri has alleged Shamoeil's children injured her while committing those intentional torts. Mesri cites Civil Code section 1714.1 for her vicarious liability theory. It provides that "[a]ny act of willful misconduct of a minor that results in injury or death to another person or in any injury to the property of another shall be imputed to the parent or guardian having custody and control of the minor for all purposes of civil damages, and the parent or guardian having custody and control shall be jointly and severally liable with the minor for any damages resulting from the willful misconduct." (Civ. Code, § 1714.1, subd. (a).)

Mesri's original complaint omits any allegation that the assailants had any relation to Shamoeil. But she proffered a first amended complaint that makes allegations of Shamoeil's vicarious liability for assault and battery under Civil Code section 1714.1. And Mesri argues on appeal that she could amend to make these allegations.

5

Shamoeil offers no substantive argument regarding Civil Code section 1714.1 and the causes of action for assault and battery. Instead, Shamoeil argues she was not named as a defendant in the original complaint for the assault and battery causes of action and, therefore, these claims cannot be seen as applying to her on appeal. She cites the usual rule that issues not raised in the trial court cannot be raised on appeal. But, first, Mesri sought to file a first amended complaint raising section 1714.1 in connection with the assault and battery claims. And second, that effort aside, the usual rule of forfeiture is modified by statute when it comes to demurrers. "When any court makes an order sustaining a demurrer without leave to amend the question as to whether or not such court abused its discretion in making such an order is open on appeal even though no request to amend such pleading was made." (Code Civ. Proc., § 472c, subd. (a).) Shamoeil neither cites this statute nor authority suggesting why it should not apply in the circumstances here. (Cf. *Aubry*, *supra*, 2 Cal.4th at p. 967 [admonishing courts to consider "any possible legal theory"].) We also note the longstanding hesitation of appellate courts to foreclose amendment when a plaintiff, like Mesri, has filed only an original complaint and has not had a single opportunity to amend. (*Eghtesad v. State Farm General Ins. Co.* (2020) 51 Cal.App.5th 406, 411.)

Accordingly, we conclude the trial court erred by denying Mesri leave to amend the assault and battery causes of actions to attempt to plead Shamoeil's vicarious liability under Civil Code section 1714.1.

As to negligence, Mesri contends Shamoeil was negligent based on her allegedly "leaving [her] children unsupervised in a

large high-rise" "three doors down" from her apartment. This conduct, she alleges, "create[d] a foreseeable risk of property damage or bodily harm." Mesri, however, cites no authority allowing negligence liability for an apartment dweller, or even a parent, who has let children go off and play when those children then allegedly commit an unanticipated intentional tort. Mesri's failure to cite authority forfeits her arguments on this theory of liability. (*Poncio v. Department of Resources Recycling & Recovery* (2019) 34 Cal.App.5th 663, 672.) Moreover, Mesri has not alleged, or offered to allege, that Shamoeil was on notice that these children would maliciously attack Mesri. Indeed, she simply states she could "allege that Shamoeil knew her children were unsupervised in common areas with skateboards, that she was physically present in her apartment just doors away, and that she had both the opportunity and ability to supervise them." Assuming Shamoeil was in a sufficient relationship with Mesri for duty to arise, Mesri's allegations would nonetheless be an untenable basis on which to let a negligence claim proceed. (See *Conti v. Watchtower Bible & Tract Society of New York, Inc.* (2015) 235 Cal.App.4th 1214, 1237 [rejecting assertion that parents' negligent supervision of their minor led to her molestation when parents lacked knowledge]; *Margaret W. v. Kelley R.* (2006) 139 Cal.App.4th 141, 152–162 [rejecting a mother's duty to prevent rape of another's child who was sleeping over at her house]; *Hanouchian v. Steele* (2020) 51 Cal.App.5th 99, 111 [host of a sorority party owed duty of care to guests, but not to prevent a rape]; cf. *Leger v. Stockton Unified School Dist.* (1988) 202 Cal.App.3d 1448, 1461 [a school need not provide "constant supervision" of children].) There is not a "cloud of suspicion over all teenagers"; parents can usually let their

7

children play without expecting them to commit crimes. (*Margaret W.*, at p. 162.)  If parents had to chaperone their children every moment of the day, parents would get nothing done and children would be stifled.

Mesri's citation to cases addressing a tenant's liability in negligence for dangerous conditions when in control of common passageways are unhelpful.  (Cf. *Johnston v. De La Guerra Properties, Inc.* (1946) 28 Cal.2d 394, 401 [addressing tenant's liability when tenant took responsibility for illuminating an entranceway].)  Mesri's conclusory allegation of Shamoeil's "control" of the apartment hallway is insufficient to plead a duty of care related to a dangerous condition, especially given Mesri has alleged the injury resulted from intentional misconduct and not the hallway's configuration.

As to Shamoeil, then, we will reverse as to the assault and battery causes of action but otherwise will affirm.

**B.**

Turning to the Sterling defendants, Mesri appears to seek to revive her causes of action for negligence, negligent hiring and supervision, and premises liability.

Mesri argues the "criminal acts" of the children were "patently foreseeable" and so gave rise to a duty of care.  Why?  Because the Sterling defendants knew children lived in the building and defendants' staff should have noticed children with skateboards and deemed the children risky.  Also, Mesri would amend her complaint to allege Sterling defendants' staff saw the alleged assailants walk past the lobby front desk with skateboards.  But noticing children with skateboards would not put someone on notice that a child would intentionally throw a skateboard at a passerby, and the Sterling defendants could not

8

be expected to endure the heavy burdens of keeping a lookout at all times for youth with skateboards to prevent such violent criminality — certainly absent any allegations of similar past incidents.  (See *Hanouchian v. Steele, supra,* 51 Cal.App.5th at p. 111; see generally *Ann M. v. Pacific Plaza Shopping Center* (1993) 6 Cal.4th 666, 676 ["[A] duty to take affirmative action to control the wrongful acts of a third party will be imposed only where such conduct can be reasonably anticipated"].)

Accordingly, Mesri did not state and cannot proceed on her causes of action against the Sterling defendants.

## DISPOSITION

We reverse the judgment in part as to Shamoeil.  The trial court shall vacate its order as to Shamoeil's demurrer and shall enter a new order sustaining Shamoeil's demurrer without leave to amend, except that the new order shall grant Mesri leave to amend the assault and battery causes of actions to attempt to plead Shamoeil's vicarious liability under Civil Code section 1714.1.  Otherwise, we affirm.  As between Mesri and Shamoeil, they shall bear their own costs on appeal.  The Sterling defendants shall recover their costs on appeal from Mesri.

SCHERB, J.

We concur:

STRATTON, P. J.                                        WILEY, J.

9